FILED
Clerk
District Court
NOV 05 2026
for the Northern Mariana Islands
By________________
(Deputy Clerk)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN MARIANA ISLANDS**

JOSEPH A. CRISOSTOMO,

Plaintiff,

v.

ANTHONY C. TORRES, as Commissioner of CNMI Department of Corrections; and MARVIN B. SEMAN, Acting Director of CNMI Department of Corrections,

Defendants.

Case No. 1:26-cv-00017

**SCREENING ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**

Before the Court are Plaintiff Joseph A. Crisostomo's Application to Proceed in District Court Without Prepaying Fees or Costs (the "Application," ECF No. 1) and Complaint for Violation of Civil Rights (Prisoner Complaint) (ECF No. 2), both filed on August 12, 2026. For the reasons set forth below, the Court GRANTS Crisostomo's Application to proceed *in forma pauperis*. The Court, however, finds that Crisostomo's Complaint fails to state a claim upon which relief may be granted and, accordingly, DISMISSES Crisostomo's Complaint with leave to amend.

## I. APPLICATION TO PROCEED *IN FORMA PAUPERIS*

Crisostomo's Application is supported by his affidavit and financial information. (*See generally* Appl., ECF No. 1.) Based on his representations concerning his incarceration and

indigent status, the Court finds Crisostomo's Application well taken and therefore grants his Application.

## II. BACKGROUND

Crisostomo's eleven-page form Complaint for Violation of Civil Rights (*see* Compl. 1-4, 7-11, ECF No. 2), is accompanied by one page of handwritten allegations (*id.* at 5) and the blank backside of the same page (*id.* at 6). Therein, Crisostomo brings a claim under 42 U.S.C. § 1983 against Anthony C. Torres, Commissioner of the CNMI Department of Corrections ("DOC"), and Marvin B. Seman, Acting Director of the CNMI DOC, in both their official and individual capacities. (*Id.* at 2.) The Complaint alleges the following facts:

(1) Crisostomo is incarcerated at DOC, having been convicted and sentenced in the CNMI courts. (*Id.* at 4.)

(2) On February 12, 2026, Crisostomo saw an audiologist and took a hearing test, whereupon "it was determined [he] would need a hearing aid." (*Id.* at 7.)

(3) Crisostomo requested a hearing aid to no avail, including through filing more than one grievance or claim through the DOC's grievance process. DOC did not respond or resolve his grievances. (*Id.* at 5, 9.)

(4) "[U]pon further follow-up, [Crisostomo] was informed that [his] request for relief could not be entertained due to budgetary constraints." (*Id.* at 5; *see also id.* at 7 (describing time spent in obtaining response as "months").)

(5) DOC continues to not provide a hearing aid to Crisostomo. (*Id.* at 7.)

Based on these facts, Crisostomo asserts that Commissioner Torres and Acting Director Seman violated his rights under the Eighth and Fourteenth Amendments to the U.S. Constitution.

(*Id.* at 3.) Crisostomo seeks $100,000.00 in damages "for the cost of the hearing aid, and both physical and emotional pain and suffering." (*Id.* at 7.)

## III. LEGAL STANDARD

The Court must screen Crisostomo's Complaint because it is one "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The Court must dismiss the Complaint if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

"Under [28 U.S.C.] § 1915A, when determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). A complaint survives dismissal "only if, taking all well-pleaded factual allegations as true, it contains enough facts to 'state a claim to relief that is plausible on its face.'" *Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) ("Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."). A claim is "plausible on its face" where there is sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "[D]etailed factual allegations" are not required; however, a plaintiff must plead "more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Id.* (rejecting "formulaic recitation of the elements of a cause of action" or "naked assertions devoid of further factual enhancement" (internal quotation marks and brackets omitted)).

As Crisostomo is proceeding *pro se*, his Complaint "must be held to less stringent standards than formal pleadings drafted by lawyers[.]" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Furthermore, as Crisostomo raises a civil rights claim, the Court has an obligation "to construe the pleadings liberally and to afford [him] the benefit of any doubt." *Hebbe*, 927 F.3d at 342 (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). The Court, however, will not "accept any unreasonable inferences or assume the truth of legal conclusions cast in the form of factual allegations," *Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003), and "may not supply essential elements of the claim that were not initially pled," *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Vague and conclusory allegations of official participation in civil rights violations are not sufficient to [survive dismissal]." *Id.*

## IV. DISCUSSION

### A. Because Crisostomo seeks monetary damages, Defendants can only be sued in their individual, non-official capacities.

As a preliminary matter, in asserting a claim under 42 U.S.C. § 1983, Crisostomo's Complaint names Commissioner Torres and Acting Director Seman as defendants in both their official and individual capacities. (Compl. 2 (checking boxes for individual capacity and official capacity for both Defendants).) The Complaint does not seek any injunctive relief against either named defendant. The Court construes Crisostomo's Complaint as bringing suit against Defendants in their individual capacities only for the alleged constitutional right violations and for $100,000.00 in damages because "[n]either the CNMI nor its officers acting in their official capacity can be sued under § 1983." *DeNieva v. Reyes*, 966 F.2d 480, 483 (9th Cir. 1992). *See also Shoshone-Bannock Tribes v. Fish & Game Comm'n, Idaho*, 42 F.3d 1278, 1284 (9th Cir. 1994) ("Where state officials are named in a complaint which seeks damages under 42 U.S.C. § 1983, it

is presumed that the officials are being sued in their individual capacities. Any other construction would be illogical where the complaint is silent as to capacity, since a claim for damages against state officials in their official capacities is plainly barred." (citations omitted)).

**B. Crisostomo fails to state a section 1983 claim arising from Defendants' alleged violation of the Eighth Amendment.**

"[T]o establish personal liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (emphasis omitted); *see also Temengil v. Trust Terr. of Pac. Islands*, 881 F.2d 647, 651 (9th Cir. 1989) ("Sections 1981 and 193 of Title 42 of the United States Code were applicable to the Northern Mariana Islands through section 502 of the Covenant."). Crisostomo's Complaint alleges that Defendants violated his rights under the Eighth and Fourteenth[1] Amendments by denying him a hearing aid after an audiologist determined that Crisostomo required the use of the same. (Compl. 3, 7.) "The Eighth Amendment . . . imposes duties on [prison] officials, who must provide humane conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates[.]" *Farmer v. Brennan*, 511 U.S. 825, 832 (internal quotation marks omitted). Accordingly,

---

[1] Crisostomo's Complaint does not articulate the exact basis for invoking the Fourteenth Amendment. Insofar the citation to the Fourteenth Amendment is for the purpose of applying the Eighth Amendment to the acts of CNMI officials, *see Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (explaining that a plaintiff may bring a 42 U.S.C. § 1983 suit for violations of rights protected under the Bill of Rights and incorporated by the Fourteenth Amendment's Due Process Clause), such reliance is unnecessary because the Eighth Amendment applies directly to the CNMI by virtue of section 501(a) of the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America, Pub. L. 94-241, 90 Stat. 263, 267 (1976) (reproduced at 48 U.S.C. § 1801 note).

Nor is there a basis for a claim based on a violation of Crisostomo's rights under the Fourteenth Amendment, standing alone. "[I]f a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997). Therefore, Crisostomo's claim is properly construed as an Eighth Amendment claim only.

> deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under [§] 1983.

*Estelle*, 429 U.S. at 104-05 (internal quotation marks, citation, and footnotes omitted). Therefore, for Crisostomo's Complaint to survive dismissal, it must contain sufficient factual allegations to permit the Court to infer that (1) Crisostomo had a "serious medical need" and (2) Defendants' response to such need was "deliberately indifferent." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006); *see also Farmer*, 511 U.S. at 834 (a prison official violates the Eighth Amendment only where the "deprivation alleged" is "sufficiently serious" and the prison official has a "sufficiently culpable state of mind" (internal quotation marks omitted)).

As to the first element, a medical need is "serious" if "failure to treat [the] condition could result in further significant injury or the unnecessary and wanton infliction of pain." *Jett*, 439 F.3d at 1096 (internal quotation marks omitted) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997)). The Ninth Circuit has explained:

> The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment.

*McGuckin*, 974 F.2d at 1059-60.

Here, Crisostomo's allegations expressly set forth that he took a hearing test, whereupon an audiologist recommended that he be provided a hearing aid. (Compl. 7.) Crisostomo further

claims damages for physical and emotional pain and suffering. (*Id.*) The Court, however, is constrained to conclude that Crisostomo's allegations fail to provide sufficient factual information to establish that his apparent hearing loss is a "serious" medical need. Though Crisostomo appears to allege that he was diagnosed by a doctor, his threadbare allegations do not shed light on the nature and extent of his hearing loss. *See, e.g.*, *De La Cruz v. Galloway*, No. 1:20-cv-00997-ADA-EPG (PC), 2023 WL 2277395, at *7 (E.D. Cal. Feb. 28, 2023) (plaintiff was unable to hear out of right ear, and specialist concluded that the right ear had "basically no serviceable hearing" and recommended that plaintiff's only treatment option was cochlear implant); *Mitchell v. Simpson*, No. 20-cv-04114-YGR (PR), 2021 WL 12423586, at *3 (audiologist recommended hearing aid to reroute sound from one fully deaf ear to other ear, and prison review panel approved plaintiff's request for same) (N.D. Cal. Oct. 15, 2021); *cf. Colwell v. Bannister*, 763 F.3d 1060, 1066-67 (9th Cir. 2014) (collecting cases holding that total blindness in one eye is serious medical need where plaintiffs were diagnosed, recommended for surgery, and experienced headaches or other physical injury). Nor do his allegations show that his hearing condition "significantly affects [his] daily activities" or causes him "chronic and substantial pain." *McGuckin*, 974 F.2d at 1059-60. *See, e.g.*, *De La Cruz*, 2023 WL 2277395, at *7-8 (hearing loss interfered with plaintiff's ability to communicate with inmates and staff, including ability to hear commands and alerts and partake in conversation in conditions noisier than quiet office setting); *cf. Colwell*, 763 F.3d at 1067 (inmate who was blind in one eye suffered injuries while working in prison factory, struck his head on concrete block, regularly hits his head on upper bunk of cell, and bumps into other inmates, triggering fights); *Peralta v. Dillard*, 744 F.3d 1076, 1086 (9th Cir. 2014) (distinguishing between failure to provide routine teeth cleaning and failure to provide cleaning in view of prisoner's allegations of severe pain, infected teeth, cavities, and bleeding gums). As such, Crisostomo fails

to make out the first element of his claim. *See also Gilmore v. Hodges*, 738 F.3d 266, 275-76 (11th Cir. 2013) ("The ability to hear is a basic human need materially affecting daily activity . . . . [T]he inability to hear means the loss of the most vital stimulus—the sound of the voice that brings language, sets thoughts astir and keeps us in the intellectual company of man. . . . We caution . . . , however, that not all hearing loss amounts to a serious medical condition." (internal quotation marks and footnote omitted)).

As to the second element, Defendants would be "deliberately indifferent" if there is "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett*, 439 F.3d at 1096. Crisostomo's allegations set forth that Defendants, in response to his repeated inquiries within and without the formal grievance process, indicated that he would not receive a hearing aid due to "budgetary constraints." (Compl. 5, 7, 9.) The Court finds that Crisostomo has sufficiently alleged that Defendants acted "purposeful[ly]" in denying him his recommended hearing aid. *See Peralta*, 744 F.3d at 1083 ("[B]udgetary constraints . . . do not justify cruel and unusual punishment." (quoting *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986))).

The Court, however, finds that Crisostomo's allegations fail to set forth sufficient factual material on the harm he suffered because of Defendants' refusal to provide a hearing aid. "[A] mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. A delay in treatment does not constitute a violation of the eighth amendment unless the delay caused substantial harm." *Casey v. Lewis*, 834 F. Supp. 1569, 1583 (D. Ariz. 1993) (internal citations omitted) (citing *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Shapley v. Nev. Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985); and *Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990)). Crisostomo's allegations do not

describe in any detail the basis for his claim of "physical and emotional pain and suffering." (Compl. 7.) Though the Court is obliged to construe Crisostomo's Complaint liberally and "afford [him] the benefit of any doubt[,]" *Hebbe*, 927 F.3d at 342, the Court cannot speculate as to the injuries Crisostomo attributes to Defendants' continuing failure to provide him with a hearing aid. A single-line claim to damages, without more, is a "naked assertion[] devoid of further factual enhancement" that the Court cannot credit. *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Therefore, Crisostomo's allegations fail to establish the second element of his claim, as well.

**C. The Court grants Crisostomo leave to amend his Complaint.**

Crisostomo's Complaint fails to make out both of the required elements of his claim. Therefore, dismissal of his Complaint is required. 28 U.S.C. § 1915A(b)(1) ("On review, the court *shall* . . . dismiss the complaint . . . if the complaint . . . fails to state a claim upon which relief may be granted[.]" (emphasis added)). However, it appears that Crisostomo would be able to cure the defects in his Complaint, as discussed above, by alleging additional facts. As such, the Court is required to give Crisostomo an opportunity to file an amended complaint that addresses the issues identified in this order. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

## V. CONCLUSION

For the foregoing reasons, the Court is required to dismiss Crisostomo's Complaint because it "fails to state a claim upon which relief may be granted[.]" 28 U.S.C. § 1915A(b)(1). The Court further finds that the defects in Crisostomo's Complaint appear to be curable through additional allegations of fact. Accordingly,

(1) Plaintiff Joseph A. Crisostomo's Application (ECF No. 1) is GRANTED.

(2) Plaintiff Joseph A. Crisostomo's Complaint (ECF No. 2) is DISMISSED WITH LEAVE TO AMEND.

(3) Insofar as Crisostomo may wish to file a first amended complaint, Crisostomo must comply with the following requirements:

a. The first amended complaint <u>must</u> contain sufficient facts concerning each element of Crisostomo's section 1983 claim based on each Defendant's alleged violation of his rights under the Eighth Amendment.

b. The first amended complaint and any attachments must be deposited with the internal mail system of the institution at which he is held on or before **<u>December 4, 2026</u>**.

(4) Crisostomo is notified that **<u>failure to comply with the terms of this order may result in dismissal with prejudice of this matter</u>**.

(5) The Clerk is directed to mail a copy of this order to Crisostomo.

IT IS SO ORDERED this 5th day of November, 2026.

RAMONA V. MANGLONA
Chief Judge